IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONALD LYLES, #07408-068, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO.: 2:18-CV-627-WKW-JTA |
| | ) [WO] |
| WALTER WOODS, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the Court on a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Donald Lyles ["Lyles"].[1] At the time he filed the Petition, Lyles was incarcerated at the Federal Prison Camp in Montgomery, Alabama, serving a prison term of 120 months for violations of 21 U.S.C. §§ 841(A)(1) and 841(B)(1)(B)(I), Possession with Intent to Distribute a Controlled Substance. Doc. 20-2 at 11. Lyles brings this Petition challenging the validity of a disciplinary he received for violating institutional rules and requesting expungement of the disciplinary action and all information regarding the incident from his prison Sentry File. Doc. 1. Lyle's disciplinary sanctions included a loss of forty-one days of good conduct time. Doc. 5.

Respondent filed a Response and supporting evidentiary materials arguing the Petition is due to be dismissed because Lyles is entitled to no relief on his claims. Doc. 20. The Court granted Lyles an opportunity to reply to Respondent's Response, Doc. 21, but he filed no reply. Further, the Court afforded Lyles an opportunity to show cause why his petition for habeas corpus relief

---

[1] This matter is pending on Lyles' Petition and Amendment to the Petition. Docs. 1, 5.

1

should not be dismissed as moot, Doc. 24, but Lyles did not respond. Review of the Court's docket and information obtained from the Federal Bureau of Prison's ("BOP") website reflects Lyles was released from custody during the pendency of this action.[2]

## II. DISCUSSION

A.      **Jurisdiction & Venue**

The law is settled that a 28 U.S.C. § 2241 petition for writ of habeas corpus is the proper vehicle for a prisoner to challenge the manner, location or execution of his sentence. *See Lopez v. Davis*, 531 U.S. 230, 236 (2001); *Williams v. Pearson*, 197 F. App'x 872, 877 (11th Cir. 2006). Lyles challenges the validity of a disciplinary he received in September of 2017 for violating institutional rules prohibiting inmates from possessing a hazardous tool (cellphone). Doc. 20-1 at 2–3. Following a disciplinary hearing, the disciplinary hearing officer found Lyles guilty of the charged offense and sanctioned him to loss of forty days of Good Conduct Time and loss of 120 days commissary and visitation privileges. Doc. 20-2 at 2–3. Since Lyles' challenge involves the execution of his sentence, his claim is proper under 28 U.S.C. § 2241. And "[j]urisdiction is determined at the time the action is filed[.]" *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994). Thus, venue is proper before this Court as Lyles was incarcerated in this district when he filed the Petition. *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) (holding that, generally, a 28 U.S.C. § 2241petition for habeas corpus relief "may be brought only in the district court . . . in which the inmate is incarcerated."); *Brown v. Warden of FCI Williamsburg*, 2019 WL 1780747, at *2 (D.S.C. Mar. 25., 2019), *Report and Recommendation adopted*, 2019 WL 1773382 (D.S.C. Apr. 23, 2019) (finding "[a] petition under § 2241must be brought against the warden of the facility where the prisoner is being held [at the time he files the petition], 28 U.S.C. § 2242;

---

[2] *Available at* https://www.bop.gov/inmateloc/ (last visited March 12, 2021).

*Rumsfeld v. Padilla*, 542 U.S. [426,] 434–35 (2004), and 'in the district of confinement rather than in the sentencing court,' [*United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989) (per curiam)]").

**B.     Mootness**

To obtain relief in this habeas action, Lyles must demonstrate he "is [currently] in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Under Article III, § 2 of the United States Constitution, federal courts are barred from hearing matters, including habeas petitions, in the absence of a live case or controversy. *See, e.g., Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *Deakins v. Monaghan,* 484 U.S. 193, 199 (1988). For a live case or controversy to exist, at all times in the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank,* 494 U.S. 472, 477 (1990); *see also North Carolina v. Rice,* 404 U.S. 244, 246 (1971) (*per curiam*) (observing that "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them").

"[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (internal quotation marks and citation omitted). "When effective relief cannot be granted because of later events, the [case] must be dismissed as moot." *Westmoreland v. National Transportation Safety Board,* 833 F.2d 1461, 1462 (11th Cir. 1987); *American Rivers v. Nat'l Marine Fisheries Service,* 126 F.3d 1118, 1123 (9th Cir. 1997) (holding that "[i]f an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."). "It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California v. United States,* 506 U.S. 9, 12

(1992) (internal quotation marks and citation omitted); *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975) (explaining that a federal court no longer has jurisdiction over a case that has become moot). In the specific context of habeas petitions, the case or controversy requirement warrants a finding of mootness if: (1) the petitioner has received the relief requested in the petition; or (2) the court is unable to provide the petitioner with the relief sought. *See Munoz v. Rowland,* 104 F.3d 1096, 1097–98 (9th Cir. 1997).

Lyles's ultimate objective in filing this action was expungement of the challenged disciplinary and restoration of lost good time. Because Lyles has been released from custody, the Court can no longer provide him with the relief he seeks. Further, because Lyles is no longer confined, his request that his good time credits be restored is moot under 28 C.F.R. § 2.35(b) as the good time of one confinement does not carry over to a second confinement. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (holding habeas petition challenging prison disciplinary infraction moot after petitioner's release and observing that in the context of a loss of federal good time credits, the possibility of a future federal confinement would be unaffected by lost good time credits under 28 C.F.R. § 2.35(b)).[3] Nor is there any allegation Lyles would be subject to any future adverse consequences related to his claim for relief. Even if he did so allege, the mere possibility of future consequences is too speculative to give rise to a case or controversy. *See Spencer*, 523 U.S. at 7-8; *Bailey*, 821 F.2d at 279; *Adair v. Dretke*, 150 F. App'x 329, 332 (5th

---

[3] 28 C.F.R. 2.35(b) provides:

> It is the Commission's interpretation of the statutory scheme for parole and good time that the only function of good time credits is to determine the point in a prisoner's sentence when, in the absence of parole, the prisoner is to be conditionally released on supervision, as described in subsection (a). Once an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release.

Cir. 2005) (explaining that following his release from prison, petitioner had no claim that he might in the future be harmed by results of prison disciplinary proceeding); *see also United States ex rel. Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir.1984) (finding that challenge to parole regulation mooted by release on parole as a favorable decision would not entitle petitioner to any additional relief).

Based on the foregoing, it is clear that reaching the merits of the arguments presented would serve no purpose in light of expiration of Lyles' incarcerative sentence and his release from federal custody. Accordingly, the Court concludes this action is moot and dismissal of the Petition is appropriate as there is no longer a case or controversy to litigate.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 Petition for Habeas Corpus relief filed by Donald Lyles be DISMISSED with prejudice.

The parties may file objections to the Recommendation **on or before March 30, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 15th day of March, 2021.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE